# JUDGE COTE

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
lrosen@rosenlegal.com
Phillip Kim, Esq. (PK 9384)
pkim@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

# 13 CV 1213

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MILLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>POSEIDON CONCEPTS CORP., A. SCOTT DAWSON, LYLE D. MICHALUK, CLIFFORD L. WIEBE, HARLEY L. WINGER, DEAN R. JENSEN, NEIL RICHARDSON, MATT C. MACKENZIE, and JIM S. MCKEE,<br><br>    Defendants. | Case No:<br><br><u>ECF CASE</u><br><br><u>CLASS ACTION</u><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

1.     Plaintiff Michael Miller, by his undersigned attorneys, for his complaint against defendants alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, wire and press releases published by and regarding Poseidon Concepts Corp. ("Poseidon" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

2.     This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased the publicly traded common stock of Poseidon from May 9, 2012 to February 14, 2013, inclusive (the "Class Period") seeking to recover damages caused by Defendants' violations of federal securities laws.

3.     During the Class Period, Defendants issued materially false and misleading statements and omitted to state material facts that rendered their affirmative statements misleading as they related to the Company's financial performance, business prospects, and true financial condition.

## JURISDICTION AND VENUE

4.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

5.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

6.      Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as a substantial part of the conduct complained of herein occurred in this District.

7.      In connection with the acts, conduct and other wrongs alleged herein, Defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

8.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Poseidon stock at artificially inflated prices during the Class Period and has been damaged thereby.

9.      Defendant Poseidon is a Canadian Corporation whose principal place of business is Calgary, Alberta, Canada.

10.     Poseidon engages in the development and commercialization of fluid storage and solutions to the oil and gas industry across North America.

11.     Throughout the Class Period, Poseidon's common stock was listed on the OTC Pink Sheets under ticker symbol "POOSF" and the Toronto Stock Exchange under ticker symbol "PSN."

12.     Defendant A. Scott Dawson ("Dawson") is a founding member of the Company and at all relevant times herein served as Poseidon's Chairman of the Board of Directors and

member of its Audit Committee.  Dawson was appointed Executive Chairman of the Company in November, 2012 and Interim President and Chief Executive Officer in December, 2012.

13.     Defendant Lyle D. Michaluk ("Michaluk") is a founding member of the Company.  Since November 2011, Michaluk served as the Company's Chief Executive Officer and Director until December, 2012.  Michaluk was replaced by Dawson as the Company's Chief Executive Officer and appointed Interim Chief Financial Officer of the Company in December 2012.

14.     Defendant Clifford L. Wiebe ("Wiebe") is a founding member of the Company. Since November 2011, Wiebe served as the Company's President, Chief Operating Officer and Director until December 2012.  Wiebe was replaced by Dawson as the Company's President and appointed Chief Technology Officer of the Company in December 2012.

15.     Defendant Harley L. Winger ("Winger") is a founding member of the Company and at all relevant times herein served as a Company Director.

16.     Defendant Dean R. Jensen ("Jensen") is a founding member of the Company and at all relevant times herein served as a Company Director and Chairman of its Audit Committee.

17.     Defendant Matt C. MacKenzie ("MacKenzie") served as the Company's Chief Financial Officer from November 2011 until his being replaced by Michaluk in December 2012.

18.     Defendant Neil Richardson ("Richardson") served as a Company Director at all relevant times herein.

19.     Defendant Jim S. McKee ("McKee") served as a Company Director from November 2012 until his sudden resignation in December 2012.  During his brief tenure, he was a member of the Company's Audit Committee.

3

20.     Dawson, Michaluk, Wiebe, Winger, Jensen, MacKenzie, Richardson and McKee are collectively referred to herein as the "Individual Defendants."

## DEFENDANTS' MISCONDUCT

21.     The Class Period begins on May 9, 2012, when Poseidon published a materially false and misleading press release announcing the financial and operating results for the first quarter of 2012; the period ended March 31, 2012.  For the quarter, the Company reported revenue of $52.129 million and a net income of $29.639 million, or $0.38 per basic share.

22.     On August 8, 2012, Poseidon published a materially false and misleading press release announcing the financial and operating results for the second quarter of 2012; the period ended June 30, 2012.  For the quarter, the Company reported revenue of $54.875 million and a net income of $31.183 million, or $0.38 per basic share.

23.     On November 14, 2012, Poseidon published a materially false and misleading press release announcing the financial and operating results for the third quarter of 2012; the period ended September 30, 2012.  For the quarter, the Company reported revenue of $41.116 million, or $0.10 per basic share.

## THE TRUTH CONCEALED BY DEFENDANTS' MISCONDUCT IS REVEALED, CAUSING INVESTORS' LOSSES

24.     The materially false and misleading financial and operating results for the third quarter of 2012 announced on November 14, 2012 were nevertheless below market expectations.

25.     In response to the Company's disclosure on November 14, 2012, the Company's stock fell $8.15 per share or approximately 62%, from its previous closing price, to close at $4.95 per share on November 15, 2012.

26.     On November 19, 2012, Poseidon issued a press release announcing a change in management with the appointment of Dawson as the Executive Chairman of the Company, whose role is to act as a liaison between the Board of Directors and management.

27.     On December 27, 2012, Poseidon issued a press release announcing the formation of a Special Committee to evaluate and resolve various issues stemming from the Company's write-off of some of its accounts receivable and evolving business strategy.

28.     On the same press release, the Company disclosed additional changes to its management and stated in relevant part:

> …effective immediately Mr. A. Scott Dawson will assume the role of Interim President and Chief Executive Officer, Mr. Michaluk will assume the role of Interim Chief Financial Officer and Mr. Wiebe will assume the role of Chief Technology Officer. Messrs. James McKee, Lyle Michaluk and Cliff Wiebe have resigned from the Board of Directors.

29.     On February 14, 2013, Poseidon issued a press release announcing the findings of the Special Committee and stated in relevant part:

> Based on the recommendation of the Special Committee and the interim report of its advisors, the Board of Directors has determined, on a preliminary basis, that primarily related to long term take-or-pay arrangements:
>
> - approximately $95 million to $106 million (subject to detailed quantification by the Company) of the Company's $148.1 million in revenue for the 9 months ended September 30, 2012 should not have been recorded as revenue in the Company's financial statements; and
>
> - as a result of recording the foregoing revenues, approximately $94 million to $102 million (subject to detailed quantification by the Company) of the Company's $125.5 million accounts receivable as at September 30, 2012 should not have been recorded in the Company's financial statements as accounts receivable.
>
> As a result of the foregoing, the first, second and third quarter 2012 financial statements (the "Financial Statements") will be restated and the Company advises investors that they should no longer rely on the Financial Statements as well as the corresponding Management's Discussion & Analysis. Further, the Company advises that all previous guidance with respect to the Company's business should no longer be relied upon.

5

30.     In reaction to the Company's disclosure on February 14, 2013, the Company's stock fell $0.61 per share or approximately 69%, from its previous closing price, to close at $0.28 per share.

### PLAINTIFF' CLASS ACTION ALLEGATIONS

31.     Plaintiff bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all persons who purchased the common stock of Poseidon during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the present and former officers and directors of Poseidon and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

32.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Poseidon's stock was actively traded on the OTC Pink Sheets.

33.     While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believe that there are at least hundreds, if not thousands, of members in the proposed Class.  Members of the Class may be identified from records maintained by Poseidon or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

34.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

36.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

        a.     whether the federal securities laws were violated by Defendants' acts as alleged herein;

        b.     whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, and financial performance of Poseidon; and

        c.     to what extent the members of the Class have sustained damages and the proper measure of damages.

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## RELIANCE PRESUMPTION

38.     At all relevant times, the market for Poseidon common stock was an efficient market for the following reasons, among others:

a.        Posedion's stock listed on the Toronto stock exchange traded on an efficient market and the common stock in this action tracked the movements of the Toronto stock;

b.        Poseidon regularly communicated with public investors via established market communication mechanisms, including regular disseminations of press releases on the national circuits of major newswire services and other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

c.        Poseidon was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period; and

d.        Unexpected material news about Poseidon was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

### FIRST CAUSE OF ACTION
### Violation of Section 10(b) of The Exchange Act Against and Rule 10b-5
### Promulgated Thereunder Against All Defendants

39.        Plaintiff incorporates ¶¶1-38 as if fully set forth herein.

40.        This cause of action is asserted against all Defendants.

41.        During the Class Period, defendants carried out a plan, scheme and course of conduct which was intended to, and throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase and/or sell Poseidon's securities at artificially inflated and distorted prices.   In furtherance of this unlawful scheme, plan and course of conduct, defendants, individually and as a group, took the actions set forth herein.

42.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Poseidon as specified herein.

43.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of  Poseidon's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Poseidon and its business operations and financial condition in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Poseidon securities during the Class Period.

44.     Each of the defendants' primary liability, and controlling person liability, arises from the following: (a) defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (b) by virtue of their responsibilities and activities as senior officers and/or directors of the Company, were privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (c) defendants enjoyed significant personal contact and familiarity with the other members of the Company's management team, internal reports and other data and information about the Company's finances,

operations, and (d) defendants were aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

45.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Poseidon's financial condition from the investing public and supporting the artificially inflated price of its securities.  As demonstrated by defendants' false and misleading statements during the Class Period, defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by failing to take steps necessary to discover whether those statements were false or misleading.

46.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price for Poseidon's securities was artificially inflated during the Class Period.

47.    In ignorance of the fact that market prices of Poseidon's publicly-traded securities were artificially inflated or distorted, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the Company's securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Plaintiff and the other members of the Class acquired Poseidon's securities during the Class Period at artificially high prices and were damaged thereby.

10

48.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Poseidon's financial results and condition, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired Poseidon securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices or distorted prices at which they did.

49.     By virtue of the foregoing, the defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

50.     As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

51.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff' purchases of securities giving rise to the cause of action.

## SECOND CAUSE OF ACTION
### Violation of Section 20(a) of The Exchange Act
#### Against the Individual Defendants

52.     Plaintiff incorporates ¶¶1-51 as if fully set forth herein.

53.     This second cause of action is asserted against each of the Individual Defendants.

54.     The Individual Defendants acted as controlling persons of Poseidon within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of aspects of the Company's revenues and earnings and dissemination of information to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the

11

decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contend are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

55.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

56.     As set forth above, Poseidon violated Section 10(b) and Rule 10b-5 by their acts and Poseidon as alleged in this Complaint.

57.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act as they culpably participated in the fraud alleged herein.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

58.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff' purchases of securities giving rise to the cause of action.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

     a.       Determining that this action is a proper class action and certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff' counsel as Class Counsel;

     b.       Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

     c.       Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

     d.       Awarding Plaintiff such equitable/injunctive and further relief under Section 20A of the Exchange Act; and

     e.       Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: February 22, 2013           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (LR5733)
lrosen@rosenlegal.com
Phillip Kim, Esq. (PK 9384)
pkim@rosenlegal.com
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY, 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

REDACTED

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Poseidon Concepts Corp.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Poseidon Concepts Corp.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

| | |
|---|---|
| **First name:** | Michael |
| **Middle initial:** | D |
| **Last name:** | Miller |
| **Address:** | Redacted |
| **City:** | Redac |
| **State:** | R |
| **Zip:** | Reda |
| **Country:** | USA |
| **Facsimile:** | |
| **Phone:** | Redacted |
| **Email:** | Redacted |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 08/31/2012 | 1300 | 14.9826 |
| Common Stock | Buy Date | # of Shares | Price per Share |

Sales:

| Type of Security | Sale Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | Sell Date | # of Shares | Price per Share |

**Certification for Michael Miller (cont.)**

7.  I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the
United States, that the information entered is accurate:          **YES**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 02/19/2013