3/8/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

MICHAEL MILLER, individually and on behalf of all others similarly situated,

Plaintiff,

-v-

POSEIDON CONCEPTS CORP., A. SCOTT DAWSON, LYLE D. MICHALUK, CLIFFORD L. WIEBE, HARLEY L. WINGER, DEAN R. JENSEN, NEIL RICHARDSON, MATT C. MACKENZIE, and JIM S. MCKEE,

Defendants.

---------------------------------------- X

13 Civ. 1213 (DLC)

ORDER

---------------------------------------- X

TONY J. TRUNKEL, individually and on behalf of all others similarly situated,

Plaintiff,

-v-

POSEIDON CONCEPTS CORP., A. SCOTT DAWSON, LYLE D. MICHALUK, CLIFFORD L. WIEBE, HARLEY L. WINGER, DEAN R. JENSEN, NEIL RICHARDSON, MATT C. MACKENZIE, and JIM S. MCKEE,

Defendants.

---------------------------------------- X

13 Civ. 1412 (DLC)

ORDER

DENISE COTE, District Judge:

On February 22, 2013, plaintiff Michael Miller ("Miller") filed a class action lawsuit on behalf of all persons who

purchased the publicly traded common stock of defendant Poseidon Concepts Corp. ("Poseidon") from May 9, 2012 to February 14, 2013, inclusive, naming defendants Poseidon, A. Scott Dawson, Lyle D. Michaluk, Clifford L. Wiebe, Harley L. Winger, Dean R. Jensen, Neil Richardson, Matt C. Mackenzie, and Jim S. McKee. On March 1, 2013, plaintiff Tony Trunkel filed a class action lawsuit on behalf of all persons who purchased Poseidon common stock during the same time period, naming the same defendants. Both complaints allege violations of Sections 10(b) and 20(a) and Rule 10b-5 of the Securities Exchange Act of 1934 ("1934 Act").

Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--
>
> > (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also requires that not later than 90 days after the date on which notice is published, the Court shall consider any motion made by a purported class

member in response to the notice, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. See id. § 78u-4(a)(3)(B)(i). In the event that more than one action on behalf of a class asserting substantially the same claim or claims has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered. See id. § 78u-4(a)(3)(B)(ii).

Miller's counsel published the required notice on February 23, 2013. Members of the purported class therefore have until **April 24, 2013** to move the Court to serve as lead plaintiffs. Accordingly, it is hereby

ORDERED that a conference shall be held at **10:30 a.m.** on **May 17, 2013** in Courtroom 15B, United States Courthouse, 500 Pearl Street, New York, New York to consider any motions for appointment of lead plaintiff and lead counsel and for consolidation.

IT IS FURTHER ORDERED that opposition to any motion for appointment of lead plaintiff shall be served and filed by **May 10, 2013**.

IT IS FURTHER ORDERED that the named plaintiffs shall promptly serve a copy of this Order on each of the defendants.

SO ORDERED:

Dated: New York, New York
March 8, 2013

DENISE COTE
United States District Judge