UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE POSEIDON CONCEPTS SECURITIES LITIGATION | Case No: 13-CV-1213 (DLC)<br>ECF CASE<br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION (1) TO LIFT STAY TO PERMIT ACTION TO PROCEED AGAINST KPMG LLP, AND (2) FOR LEAVE TO AMEND**

## I.   FACTS

This is a securities class action brought on behalf of investors in a Canadian company, Poseidon Concepts Corp. Poseidon's stock traded on the Toronto Stock Exchange (the "TSX") and over-the-counter in the United States. Investors lost nearly their entire investment when Poseidon made a series of corrective disclosures culminating in a February 14, 2013 announcement that it would need to restate its 2012 quarterly financial statements because more than two thirds of its revenues over that period had been improperly recognized.

### A.  This action's procedural history

This action on behalf of persons who bought Poseidon stock in the United States was filed on February 22, 2013. On May 17, 2013, the Court entered an order (1) appointing Lead Plaintiff and Lead Counsel; (2) staying this action until September 13, 2013; and (3) notwithstanding the stay, permitting Lead Plaintiff to file his Consolidated Amended Complaint on or before June 14, 2013. Dkt. # 8. This action has remained stayed for substantially the entire period since the Court's May 17 order.

On June 25, 2013, Poseidon filed a notice before this Court that: (1) on April 9, 2013, it had filed an Originating Application under the CCAA in the Court of Queen's Bench of Alberta, Calgary Division, Canada (i.e., bankruptcy) (the "Canadian Bankruptcy Court"), and had obtained an order temporarily staying proceedings against Poseidon's directors and officers; (2) on April 12, 2013, it had filed a proceeding under Chapter 15 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado (the "U.S. Bankruptcy Court"); (3) on April 26, 2013, it had obtained an injunction against proceedings against Poseidon from the

1

U.S. Bankruptcy Court; and (4) on May 15, 2013, the U.S. Bankruptcy Court recognized the proceeding before the Canadian Bankruptcy Court as a foreign main proceeding. Dkt. # 32.

### B. The Canadian actions' procedural history.

Shareholders who bought Poseidon stock in Canada have brought class actions against three sets of parties (collectively, the "Canadian Actions"): (1) Poseidon and its officers and directors (the "Poseidon Actions"); (2) Poseidon's lender and underwriter, National Bank of Canada (the "NBC Actions"); and (3) Poseidon's auditor, KPMG LLP, a Canadian partnership (the "KPMG Action").

The Poseidon Actions have been stayed for substantially the entire period between April 9, 2013 and today. The stay limits proceedings against Poseidon and its directors and officers, but no one else. The operative provisions of the Stay Order provide:

> Paragraph 14
>
> During the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively, being Persons" and each being a "Person"), whether judicial or extra-judicial, statutory or non-statutory against or in respect of the Applicants or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended and shall not be commenced []
> Paragraph 19
>
> During the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA and paragraph 15 of this Order [providing a right to file actions solely to toll statutes of limitations], no Proceeding may be commenced or continued against any of the former, current or future directors of the Applicants with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a comrpomise or arrangement in respect of the Applicants, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicants or this Court.

(Exhibit 2).

The KPMG and NBC Actions are not subject to the stay and have not been stayed since June 24, 2014.[1] The plaintiffs in the Canadian actions (the "Canadian Plaintiffs") have had the legal right to pursue the KPMG and NBC Actions since then. They have exercised it. For example, the Canadian Plaintiffs have filed a motion for leave to file a proceeding against NBC[2] and the KPMG Action was filed after the Stay Order was entered. There has been no order of the Canadian Bankruptcy Court allowing either action to proceed, because none was necessary.

On July 2, 2013, the Canadian Plaintiffs took the deposition of a Poseidon officer, Joseph A. Kostelecky. On September 6, 2013, they took the deposition of a Poseidon employee, Brian R. Swendsen. They subsequently publicly filed the transcripts and exhibits of these depositions.

### C. Mediation

The parties to the Canadian Actions and this action, as well as other interested parties, attended a mediation taking place in Calgary between April 23 and 25, 2014. As part of the mediation, Defendants made substantial document productions (the "Mediation Documents"). These productions were made based on an agreement not to use them outside the mediation context. But of course, producing parties could do what they wanted with their own documents. Thus, thereafter, several of the documents were lawfully publicly filed in Canada. Plaintiff here relies on the publicly-filed documents, rather than the Mediation Documents themselves.

### II.   Standard

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (quoting Fed. R. Civ. Proc. 15(a)). "In the absence of any apparent or declared

---

[1] Before then, the NBC and KPMG Actions had been stayed because of the mediation.
[2] In Canada, a plaintiff must obtain leave to file a class action, and must make (among other things) an evidentiary showing that there is "a reasonable possibility that the action will be resolved at trial in favour of the plaintiff." Ontario Securities Act, § 138.5.

3

reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* Under Rule 21, "parties may be dropped or added by order of the court on motion of any party [...] at any stage of the action and on such terms as are just." Fed. R. Civ. Proc. 21. "In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)

### III.   ARGUMENT

#### A.  Relief sought.

This action is stayed. Current defendants in this action are Poseidon and certain of its officers and directors (the "Poseidon Defendants"). Plaintiff doe not seek to lift the stay as to the Poseidon Defendants.

Rather, this motion seeks to have the Court lift the stay in effect in this action solely to let Plaintiff pursue claims against KPMG. Lifting the stay does no more than place Plaintiff on an equal footing with the Canadian Plaintiffs, who can proceed with their claims against KPMG.

To proceed against KPMG, Plaintiff also seeks leave to file his Second Amended Complaint (the "Amended Complaint") naming KPMG as a defendant. A [Proposed] Amended Complaint, minus exhibits, is attached as Exhibit 1 to this filing. The [Proposed] Amended Complaint also makes significantly more allegations concerning the fraud. These allegations derive from the Kostelecky and Swendsen depositions, as well as the Mediation Documents that have been publicly filed. Their purpose is to state a claim against KPMG. Finally, the [Proposed] Amended Complaint also slightly expands the Class Period, pushing back its beginning from

May 9, 2012, to March 22, 2012 – the day on which KPMG's audit report on Poseidon's 2011 annual financial statements was issued.

Plaintiff's investigation is continuing, and more of the Mediation Documents continue to be filed publicly. Once they are filed publicly or otherwise become available for use outside the mediation, Plaintiff may use Mediation Documents to plead his case against KPMG. Accordingly, if the Court grants leave to file, Plaintiff requests the Court's leave extend to filing an Amended Complaint which is not a verbatim copy of the attached [Proposed] Amended Complaint, but which instead also reflects new information Plaintiff obtains between now and the Court's order granting leave.

### B. The Court should lift the stay to permit this action to proceed against KPMG.

This action is brought on behalf of investors who bought stock in domestic transactions pursuant to *Morrison v. National Australia Bank Ltd.,* 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010) and *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 62 (2d Cir. 2012).

When a security is listed on both foreign and U.S. exchanges, U.S. courts routinely allow class actions to proceed even if there are pending proceedings over the same wrongdoing in other jurisdictions. *See, e.g.*, *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 290 (E.D.N.Y. 2002) (denying motions to dismiss on comity grounds in favor of foreign civil and criminal investigation); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 357 (D. Md. 2004).

5

This action is not duplicative of the Canadian actions. Class members here can seek redress under the U.S. securities laws; other class members cannot. *Morrison*, 561 U.S. at 265. The Canadian plaintiffs do not bring claims under the U.S. securities laws.

Canadian securities laws differ from U.S. securities laws. Certain of these differences limit the relief investors suing only under Canadian securities laws can achieve. A secondary purchaser who sues under Canadian law and alleges that an auditor has made a misrepresentation negligently or recklessly can only recover from it the greater of $1 million or the revenue the auditor earned from the client in the 12 months preceding its misrepresentations. Ontario Securities Act, § 138.1, "liability limit", (f). To recover more than this amount, the purchaser must show that the defendant made the false statement knowingly. Ontario Securities Act, § 138.6 (2). Under the U.S. securities laws, even if Plaintiff does not prove that KPMG made its false statements knowingly, the class can still recover from KPMG its proportionate liability for their losses. 15 U.S.C. § 78u-4 (f)(2)(B)(i).

Lead Plaintiff asks nothing more than to be able to proceed with their claims even as the Canadian Plaintiffs can proceed with theirs. The Court should lift the stay to let him proceed against KPMG.

### C.  The Court should grant leave to amend.

Here, Plaintiff seeks to amend his complaint solely to bring claims against KPMG. There is thus no failure to cure deficiencies.

This action is in its infancy. There has been no discovery. The Defendants have not filed any responsive pleading. This action has been stayed. Thus, there has been no undue delay, undue prejudice, bad faith, or dilatory motive. *Carrieri v. Town of Rotterdam*, No. 1:13-CV-332 GLS/CFH, 2013 WL 6145792, at *1 (N.D.N.Y. Nov. 21, 2013).

The action is not futile. First, the action is timely. The statute of limitations is five years from the violation or 2 years from "discovery of the facts constituting the violation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 638, 130 S. Ct. 1784, 1790, 176 L. Ed. 2d 582 (2010) (quoting 28 U.S.C. § 1658(b)(1)). Before the limitations period begins to run, a plaintiff must have available facts showing that a defendant made a false statement with scienter. *Id.* at 649.

Here, until the various sources relied upon in the Amended Complaint were available to Plaintiff, he did not have enough facts showing that KPMG made its false statements with scienter. The crucial deposition of Kostelecky, upon which Plaintiff relies to establish what KPMG knew and when it knew it, was not taken until July 3, 2013 and this Motion is filed less than two years later. Accordingly, amendment is timely.[3]

Second, while Plaintiff expects that KPMG will file a motion to dismiss, determining whether a complaint states a claim in a case arising under the Private Securities Litigation Reform Act (the "PSLRA") is a difficult task. Thus, "[w]here [] the alleged futility of the proposed amendments is really an argument that the amendments would not permit the complaint to survive a motion to dismiss, such argument would better be taken up on a motion to dismiss unless the amendments' futility is readily apparent." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 125 (S.D.N.Y. 2002).

## IV. CONCLUSION

The Court should (a) lift the stay to allow Plaintiff to proceed against KPMG, and (b) allow filing of the Amended Complaint.

---

[3] The filing of a motion for leave to amend tolls the statute of limitations. *Mayes v. AT & T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989); *accord Scelfo v. Aurora Concept, Inc.*, No. 02 CIV. 7835 (MHD), 2006 WL 336038, at *19 (S.D.N.Y. Feb. 10, 2006).

Dated: May 15, 2015                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Jonathan Horne
                                        Laurence M. Rosen
                                        lrosen@rosenlegal.com
                                        Phillip Kim
                                        pkim@rosenlegal.com
                                        Jonathan Horne
                                        jhorne@rosenlegal.com
                                        THE ROSEN LAW FIRM, P.A.
                                        275 Madison Avenue, 34th Floor
                                        New York, NY, 10016
                                        Telephone: (212) 686-1060
                                        Facsimile: (212) 202-3827