UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE POSEIDON CONCEPTS SECURITIES LITIGATION | Civil Action No.: 13-CV-01213-DLC |

**MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO LEAD PLAINTIFFS' MOTION (1) TO LIFT STAY TO PERMIT ACTION TO PROCEED AGAINST KPMG LLP, AND (2) FOR LEAVE TO AMEND**

Defendants A. Scott Dawson, Lyle D. Michaluk, Clifford L. Wiebe, Harley L. Winger, Dean R. Jensen, Neil Richardson and Matt C. Mackenzie (collectively, "Defendants") by and through a special appearance of its undersigned counsel, respectfully submit this memorandum of law in partial opposition to Lead Plaintiff, Gerald Kolar's ("Lead Plaintiff") motion: (1) to lift the stay to permit this action to proceed against KPMG LLP ("KPMG"); and (2) for leave to file a proposed second amended complaint ("Proposed Second Amended Complaint").

## PRELIMINARY STATEMENT

Defendants do not take a position on whether Lead Plaintiff should be permitted to name KPMG as a defendant in this action. Nevertheless, Defendants take issue with Lead Plaintiff's attempt to: (1) seek leave to file an amended complaint that may be materially different from the Proposed Second Amended Complaint annexed to Lead Plaintiff's motion; and (2) expand the class period as against the Defendants in violation of the stay. Furthermore, Defendants respectfully request that if the stay is partially lifted to allow Lead Plaintiff to prosecute his claims against KPMG that such relief be conditioned on the following: (1) KPMG is prohibited from asserting any cross-claims against Defendants and the applicable statute of limitations for

any and all cross-claims KPMG and Defendants may assert against each other is tolled until such time as the stay is lifted as to Defendants; (2) Lead Plaintiff and KPMG are prohibited from conducting any discovery where, but for the stay, Defendants would otherwise participate (*e.g.*, depositions); and (3) Lead Plaintiff and KPMG are prohibited from taking any action whatsoever that would, by virtue of the stay, prejudice Defendants or otherwise violate the stay.

## ARGUMENT[1]

Lead Plaintiff purports to simply amend his complaint to add KPMG as a party and to seek leave to lift the stay in order to prosecute his claims against KPMG. Defendants do not take a position as to this relief in principle; however, Lead Plaintiff's motion and Proposed Second Amended Complaint do much more than that and will have implications for Defendants that violate the stay. Moreover, because the claims against Defendants and KPMG contain many complex overlapping issues of fact and law, if Lead Plaintiff's motion is granted and the stay is partially lifted, certain conditions should be placed on what Lead Plaintiff and KPMG can (and cannot) do in the active litigation in order to protect Defendants from any undue prejudice that would result from their inability to participate because of the stay.

[1] Defendants do not materially dispute Lead Plaintiff's recitation of the procedural history of this action or the parallel Canadian proceedings. Defendants do, however, dispute Lead Plaintiff's contention that "[i]nvestors lost nearly their entire investment when Poseidon made a series of corrective disclosures culminating in a February 14, 2013 announcement that it would need to restate its 2012 quarterly financial statements because more than two thirds of its revenues over that period had been improperly recognized." Pl.'s Mem. Supp. 1, ECF No. 59. Moreover, for sake of completeness and clarity, Defendants note that the Court of Queen's Bench of Alberta, issued an Order dated, May 29, 2015 extending the stay to July 31, 2015. (*See* Exhibit "1").

**I. Lead Plaintiff's Request for Leave to File an Amended Complaint that may Be Materially Different from the Proposed Second Amended Complaint Annexed to Lead Plaintiff's Motion Should Be Denied.**

Although "leave [to amend] shall be freely given when justice so requires," the "[t]he Rule 15(a) standard 'is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge'" *BNP Paribas Mortgage Corp. v. Bank of Am.*, N.A., 866 F. Supp. 2d 257, 263 (S.D.N.Y. 2012) (citing *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir.1967)). Here, Defendants respectfully submit that this Court should exercise its sound discretion and deny Lead Plaintiff's request for leave to file an amended complaint that may be materially different from the Proposed Second Amended Complaint annexed to his motion.

It is well established that "normal procedure is for the proposed amendment or new pleading to be submitted" along with the motion for leave to amend and, it has long been held, that the failure to do so "indicates a lack of diligence and good faith." *State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir.1990) (citing *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1197 (7th Cir.1985). The failure to provide a copy of the proposed amended pleading to be filed "may result in the court denying leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court has had an opportunity to review the substance of the proposed amendment." *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010) (citing *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994)). This failure also deprives opposing counsel of an opportunity to review the proposed amendment and determine whether or not to oppose same. These principles apply with equal force where, as here, Lead Plaintiff attached a copy of the Proposed Second Amended Complaint to his motion but expressly requests "leave to extend to filing an Amended Complaint which is

not a verbatim copy of the attached [Proposed] Amended Complaint, but which instead reflects new information Plaintiff obtains between now and the Court's order granting leave." Pl.'s Mem. Supp. 5, ECF No. 59. Accordingly, Defendants respectfully request that, to the extent Lead Plaintiff is granted leave to file an amended complaint, such complaint should be the Proposed Second Amended Complaint annexed to Lead Plaintiff's motion. In the alternative, Defendants respectfully request an opportunity to review and, if appropriate, oppose any other variation of the Proposed Second Amended Complaint that Lead Plaintiff may seek to file.

## II. Lead Plaintiff Should Not Be Permitted to Expand the Class Period in Violation of the Stay.

This action has been stayed pursuant to a stay order issued and still in effect in Canada that states in pertinent part:

> Paragraph 19
>
> During the Stay Period . . . no Proceeding may be commenced or continued against any of the former, current or future directors of [Poseidon Concepts Corp., Poseidon Concepts Ltd., Poseidon Concepts Limited Partnership, and Poseidon Concepts Inc.] with respect to any claim against the directors or officers that arose before the date hereof [April 9, 2013] and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicants, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicants or this Court.

Pl.'s Mem. Supp. Ex. 2, ECF No. 59. The language of this stay order—"no Proceeding may be commenced or continued"—parallels the automatic bankruptcy stay under the United States bankruptcy code, 11 U.S.C. § 362(a), which states that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . ." Courts have stated that Section 362(a) "sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other

proceedings against the debtor . . . ." *In re Wardrobe*, 559 F.3d 932 (9th Cir. 2009) (quoting *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081-82 (9th Cir. 2000). As a result, courts have held that amended complaints and counterclaims filed against a debtor are a commencement or continuation of a judicial proceeding and violate the stay. *See, e.g.*, *id.*; *Koolik v. Markowitz*, 40 F.3d 567 (2d Cir. 1994). Moreover, "the terms of an order lifting the automatic stay are strictly construed." *In re Wardrobe*, 559 F.3d at 935 (internal citation omitted).

Although Lead Plaintiff purports to file the Proposed Second Amended Complaint only to add KPMG as a defendant, it includes myriad new allegations that could potentially be construed as being made against the Defendants, including, critically, a new proposed class period. If so, the filing of the Proposed Second Amended Compliant would be a continuation of a proceeding against the Defendants in violation of this Court's stay (which adopts the stay in Canada). Defendants respectfully request that, to the extent this Court grants Lead Plaintiff's motion to file the Proposed Second Amended Complaint, such complaint should not include a new class period as alleged against the Defendants or otherwise violate this Court's stay.

## III. In the Event the Court Lifts the Stay to Permit Lead Plaintiff to Prosecute his Claims Against KPMG, Defendants Respectfully Request that the Court Impose Certain Conditions to Protect Defendants From any Prejudice that Might Result Therefrom.[2]

If the stay of this action is lifted to permit Lead Plaintiff to prosecute his claims against KPMG, Defendants respectfully request that certain conditions be put into place to protect Defendants from any resulting prejudice.

[2] Defendants oppose Lead Plaintiff's contention that U.S. class plaintiffs "brought stock in *domestic transactions* pursuant to *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010) and *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 62 (2d Cir. 2012) (emphasis added). *See* Pl.'s Mem. Supp. 5, ECF No. 59

The claims against Defendants and KPMG contain many complex overlapping issues of fact and law and allowing Lead Plaintiff the unconditional ability to prosecute his claims against KPMG could have harmful consequences for Defendants if, for example, Defendants are prohibited from participating in certain discovery due to the stay or cross-claims are asserted by KPMG against Defendants. In order to protect against these potentially harmful consequences, the following conditions should be put into place to limit the ability of Lead Plaintiff and KPMG to take any action that prejudices Defendants or otherwise violates the stay. First, KPMG should be prohibited from asserting any cross-claims against Defendants and the applicable statute of limitations for any and all cross-claims KPMG and Defendants may assert against each is tolled until such time as the stay is lifted as to Defendants. Second, Lead Plaintiff and KPMG should be prohibited from conducting any discovery where, but for the stay, Defendants would otherwise participate (*e.g.*, depositions). Third, Lead Plaintiff and KPMG should be prohibited from taking any action whatsoever that would, by virtue of the stay, prejudice Defendants or otherwise violate the stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Lead Plaintiff's motion be denied in part, and that this Court enter an Order consistent with the requests for relief sought by Defendants herein.

Dated: Valhalla, New York
May 29, 2015

KAUFMAN BORGEEST & RYAN LLP

/s/ Patrick Stoltz

Paul T. Curley, Esq. (pc8787)
Patrick Stoltz, Esq. (ps6191)
200 Summit Lake Drive
Valhalla, New York 10595
(914) 449-1000 (Telephone)
(914) 440-1100 (Facsimile)
pcurley@kbrlaw.com
pstoltz@kbrlaw.com

*Attorneys for Defendants*