UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

IN RE POSEIDON CONCEPTS SECURITIES LITIGATION

13cv1213 (DLC)

OPINION & ORDER

---------------------------------------- X

APPEARANCES

For lead plaintiff Gerald Kolar:

Laurence M. Rosen
Phillip Kim
Jonathan Horne
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016

For defendants A. Scott Dawson, Lyle D. Michaluk, Clifford L. Wiebe, Harley L. Winger, Dean R. Jensen, Neil Richardson, and Matt C. Mackenzie:

Paul T. Curley
Patrick Stoltz
200 Summit Lake Drive
Valhalla, New York 10595

DENISE COTE, District Judge:

On May 15, 2015, lead plaintiff Gerald Kolar moved (1) to lift the stay to permit this action to proceed against KPMG LLP ("KPMG"), and (2) for leave to amend. A May 18 Order permitted any party to oppose the motion, and, on May 29, defendants A. Scott Dawson, Lyle D. Michaluk, Clifford L. Wiebe, Harley L.

Winger, Dean R. Jensen, Neil Richardson, and Matt C. Mackenzie (collectively, "Individual Defendants") entered a partial opposition to the motion, which was fully submitted on June 5. For the following reasons, the motion is granted.

## BACKGROUND

The following facts are drawn from the pleadings and from the materials submitted with the instant motion. On a motion to amend, like a motion to dismiss, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See Krys v. Pigott, 749 F.3d 117, 128, 134 (2d Cir. 2014). The parties do not dispute the material aspects of the background and procedural history here.

This is a securities class action brought against Poseidon Concepts Corp. ("Poseidon") and certain of its directors and officers, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, on behalf of investors who bought Poseidon stock in the United States. Poseidon is a Canadian company whose stock traded both on the Toronto Stock Exchange and over-the-counter in the United States.

The instant action is a tagalong to parallel proceedings pending in Canada. Shareholders who bought Poseidon stock in Canada ("Canadian Plaintiffs") brought actions against three sets of defendants (collectively, "Canadian Actions"): (1) Poseidon and its directors and officers ("Poseidon Actions");

(2) Poseidon's lender and underwriter, National Bank of Canada ("NBC Actions"); and (3) Poseidon's auditor, KPMG ("KPMG Action").

On April 9, 2013, what is effectively a Canadian bankruptcy court issued an order staying proceedings against Poseidon and its directors and officers ("Stay Order" or "Canadian Stay"). On May 15, 2013, a U.S. Bankruptcy Court recognized the Canadian bankruptcy action as a foreign main proceeding, thus giving the Stay Order full effect in the United States.

Because the Stay Order limits proceedings against only Poseidon and its directors and officers, the Poseidon Actions have been stayed for substantially the entire period since the April 9, 2013 Stay Order, but the NBC and KPMG Actions have proceeded in Canada. In fact, the KPMG Action was filed after the Stay Order was entered.

In the instant action, following a May 17, 2013 conference, an Order of that same day stayed the case. As discussed during the conference, this case was stayed because of, among other things, the Canadian Stay, the effect of the Canadian Stay in the United States as a result of the U.S. Bankruptcy Court's action, and the fact that this action is a tagalong to the Canadian Actions. This case has remained stayed for substantially the entire period since the May 17 Order and is currently stayed.

Notwithstanding the stay, the May 17 Order appointed lead plaintiff and permitted him to file a consolidated amended complaint ("CAC"), which he did on June 14, 2013. Put simply, the CAC alleged that Poseidon and its directors and officers "created the false image of a highly profitable and rapidly expanding public company." The CAC named nine defendants: Poseidon, the seven Individual Defendants (who were all Poseidon directors or officers), and another Poseidon director named Jim McKee ("McKee"). The class period delimited in the CAC ran from May 9, 2012 through February 14, 2013.

On July 2 and September 6, 2013, the Canadian Plaintiffs deposed Poseidon officer Joseph Kostelecky ("Kostelecky") and Poseidon employee Brian Swendsen ("Swendsen"). The transcripts of and exhibits to these depositions were subsequently publicly filed.

From April 23 to 25, 2014, the parties to the Canadian Actions and this action, as well as other interested parties, attended a mediation in Canada. The mediation involved substantial document production ("Mediation Documents"). Since then, some of the Mediation Documents have been and continue to be periodically publicly filed in Canada.

Partly in response to information gleaned from the Kostelecky and Swendsen depositions, as well as the publicly filed Mediation Documents, lead plaintiff seeks to add and

prosecute claims against KPMG. That desire forms the basis of the May 15 motion.

DISCUSSION

As the CAC did not name KPMG as a defendant, the instant motion seeks leave to amend to add KPMG. The motion also seeks to lift the stay in this action solely to permit lead plaintiff to pursue claims against KPMG. These requests are addressed in turn.

I. Amendment

There are multiple aspects to lead plaintiff's request to amend. The motion attaches a Proposed Second Amended Complaint ("PSAC"). The PSAC explicitly drops Poseidon as a defendant due to its bankruptcy; it also does not name as a defendant McKee, who was the eighth individual named in the CAC. Instead, the PSAC names as defendants the seven Individual Defendants and KPMG.

The PSAC also adds allegations of fraud that derive from the Kostelecky and Swendsen depositions, as well as the publicly filed Mediation Documents. And as evermore of the Mediation Documents are being publicly filed, lead plaintiff requests leave to file an amended pleading that is not a verbatim copy of the PSAC but that instead reflects information obtained between May 15 (when the instant motion was filed) and the day on which any relief is granted. Finally, the PSAC expands the class

period such that it would begin not on May 9, 2012, but on March 22 of that year -- the day on which KPMG's audit report on Poseidon's 2011 annual financial statements was issued.

Given the posture of this case, Fed. R. Civ. P. 15(a)(2) governs lead plaintiff's request to amend and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Indeed, in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant or undue prejudice to the opposing party by virtue of allowance of the amendment the leave sought should, as the rules require, be freely given." Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 109 (2d Cir. 2014) (citation omitted). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (citation omitted).

Here, because the case has been stayed, it is still in its infancy: There has been no discovery or responsive pleadings. Accordingly, lead plaintiff is granted leave to file either the PSAC or an amended pleading that is not a verbatim copy of the PSAC, but only to the extent that any differences reflect new information obtained by lead plaintiff between May 15 and the date of this Opinion.

There is only partial opposition to this ruling. Given that the PSAC omits Poseidon and McKee, it is unsurprising that the partial opposition was entered only by the Individual Defendants. They explicitly do not take a position with respect to lead plaintiff's request to add KPMG as a defendant, and their partial opposition makes no mention of Poseidon's or McKee's absence from the PSAC. It also does not meaningfully address the PSAC's more detailed allegations based on the Kostelecky and Swendsen depositions and the publicly filed Mediation Documents.

The Individual Defendants do, however, oppose both the PSAC's expansion of the class period as against the Individual Defendants, and lead plaintiff's request for leave to file an amended pleading that differs from the PSAC. The Individual Defendants' opposition is not persuasive.

The Individual Defendants contend that the PSAC's expansion of the class period as against the Individual Defendants violates the Stay Order. Not so. The Stay Order blocks proceedings against Poseidon directors and officers "except as permitted by [a provision of Canadian law not applicable here] and paragraph 15 of this Order." (Emphasis added.) Paragraph 15 provides:

> Nothing in this Order shall prevent any party from taking an action . . . where such an action must be taken in order to comply with statutory time

> limitations in order to preserve their rights at law, provided that no further steps shall be taken by such party . . . and notice in writing of such action be given to the Monitor . . . .

The paragraph 15 exception applies here. The class period must be expanded to preserve claims against the Individual Defendants by investors who bought Poseidon stock between March 22 and May 8, 2012 (the previously pled start date). Those claims are asserted pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and thus "must be filed 'not later than the earlier of -- (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." Steginsky v. Xcelera Inc., 741 F.3d 365, 369 (2d Cir. 2014) (quoting 28 U.S.C. § 1658(b)). According to lead plaintiff, it was from the July 3, 2013 Kostelecky deposition that he discovered that claims might predate the previously delimited class period. Thus, those claims must be filed no later than July 3, 2015, making an expansion of the class period as against the Individual Defendants an action that "must be taken in order to comply with statutory time limitations." (Emphasis added.)

The other requirements of the paragraph 15 exception have also been satisfied. Lead plaintiff represents that he will take "no further steps" beyond filing the claims and that

written notice to the Canadian bankruptcy monitor has already been provided.

With respect to lead plaintiff's request for leave to file an amended pleading that differs from the PSAC, to alleviate the Individual Defendants' concerns, they shall be given an opportunity to oppose any variation to the PSAC that lead plaintiff seeks to file. The Individual Defendants shall have one week from the date on which lead plaintiff files the pleading to bring any disputes to the Court's attention.

II. Lifting the Stay

Having granted lead plaintiff leave to file an amended pleading that names KPMG as a defendant, this Opinion now turns to lead plaintiff's application to lift the stay. The motion seeks to lift the stay, not as to the Individual Defendants, but instead solely to permit lead plaintiff to pursue claims against KPMG.

The considerations that animated imposition of the stay in this action, as discussed at the May 17, 2013 conference, are not present with respect to any soon-to-be-added claims against KPMG. KMPG is not the subject of bankruptcy proceedings and no judicial orders bar claims of the sort that lead plaintiff seeks to file against KPMG. Moreover, as the Canadian KPMG Action is active, there is less danger that the instant action would "get ahead" and "drive litigation from this side of the border."

Accordingly, the stay of this action is partially lifted solely to permit lead plaintiff to pursue claims against KPMG.

While the Individual Defendants explicitly take no position as to lead plaintiff's request to lift the stay to prosecute claims against KPMG, they do request that any such relief be subject to three conditions, discussed below. Their request is denied.

The Individual Defendants' first requested condition, on which lead plaintiff explicitly takes no position, is that KPMG be prohibited from asserting any cross-claims against the Individual Defendants and the applicable statute of limitations for any and all cross-claims KPMG and the Individual Defendants may assert against each other be tolled until such time as the stay is lifted as to the Individual Defendants. But an Order prohibiting KPMG from asserting cross-claims against the Individual Defendants would be superfluous, as the Stay Order already prohibits proceedings from being commenced or continued against any Poseidon director or officer during the pendency of the Canadian Stay. Lifting the stay in this action to permit lead plaintiff to pursue claims against KPMG does not affect the protection against claims afforded to the Individual Defendants by either the Canadian Stay or the stay in this action. Of course, as discussed above, the Stay Order makes an exception for filing claims that must be brought to comply with statutes

of limitations, and this would apply to any cross-claims that KPMG may seek to file against the Individual Defendants.

Second, the Individual Defendants propose that lead plaintiff and KPMG be prohibited from conducting any discovery where, but for the stay, the Individual Defendants would otherwise participate; they offer depositions by way of example. But neither the Stay Order nor the stay in this action prohibits the Individual Defendants from participating in discovery ongoing between other parties, such as by attending depositions. And lead plaintiff's motion represents that neither he nor KPMG would prevent the Individual Defendants from participating in discovery between lead plaintiff and KPMG.

Finally, the Individual Defendants request that lead plaintiff and KPMG be prohibited from taking any action whatsoever that would, by virtue of the stay, prejudice the Individual Defendants or otherwise violate the stay. This proposal is vague at worst and superfluous at best. There is no need to order a party not to violate an existing stay. And an order prohibiting actions that would prejudice the Individual Defendants provides little in the way of helpful guidance to the parties. Of course, the Individual Defendants, like any party, are free to raise particular issues as they may arise.

CONCLUSION

Lead plaintiff's May 15 motion is granted. As described above, lead plaintiff may file by July 6 either the PSAC or an amended pleading that deviates from the PSAC only to reflect new information obtained between May 15 and the date of this Opinion. The stay in this action is partially lifted solely to permit lead plaintiff to pursue its claims against KPMG.

SO ORDERED:

Dated: New York, New York
June 24, 2015

Denise Cote

DENISE COTE
United States District Judge