UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE POSEIDON CONCEPTS SECURITIES LITIGATION | Case No. 13-CV-1213 (DLC)<br><br>ECF Case |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT KPMG'S MOTION FOR ENTRY OF JUDGMENT**

**Preliminary Statement**

On May 24, 2016, the Court dismissed Plaintiff's securities fraud claim against KPMG LLP (Canada). (Docket #129) However, Plaintiff's claims against the other defendants are still pending, and the Court did not enter judgment under Federal Rule of Civil Procedure 58. This puts KPMG in a bind: When the case against the other defendants eventually proceeds, KPMG will be stuck in a legal limbo, where it is no longer a party to the case, but may become a party again if Plaintiff ultimately appeals the Court's decision on KPMG's motion to dismiss and secures a reversal. Such an event could also create judicial inefficiencies, because the Court could have to preside over a second trial, where a second jury would have to learn the facts, if the Court of Appeals does not review the Court's order on KPMG's motion to dismiss until after trial on Plaintiff's claims against the other defendants.

Federal Rule of Civil Procedure 54(b) provides a solution to these problems: Where an action involves multiple parties, and the Court fully resolves the claim against one of them, it may enter judgment as to that claim if it finds that there is no just reason for delay. That is the case here. Delay in entering judgment on the claim against KPMG would only create the risk of

1

judicial inefficiency and hardship on KPMG.  As a result, KPMG respectfully moves for the entry of judgment under Rule 54(b) as to Plaintiff's claim against it.[1]

### Argument

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Thus, Rule 54(b) permits entry of judgment when: (1) there are multiple claims or parties; (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined; and (3) there is no just reason for delay.  *See Information Resources, Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002).  These elements are satisfied here.[2]

I.   **The Court's Decision As To Plaintiff's Claim Against KPMG Is Final.**

A court's disposition of a claim is "final" if it "ends the litigation [of that claim] on the merits are leaves nothing for the court to do but execute the judgment entered on that claim." *Information Resources*, 294 F.3d at 451 (bracket in original).  A disposition is not final if, for example, it disposes of only part of a claim.  *Id*. at 452.  In granting KPMG's motion to dismiss, the Court dismissed Plaintiff's claim against KPMG in its entirety.  No other claims or causes of

---

[1] Before filing this motion, counsel for KPMG conferred with counsel for the other parties regarding the relief requested.  Counsel for Plaintiff indicated that Plaintiff was not prepared to take a position on this motion before it was filed.  Counsel for the Poseidon Defendants did not provide a position.

[2] Because there are multiple defendants in this action, the first element of Rule 54(b) is clearly satisfied, and this memorandum does not discuss it separately.

2

action are asserted against KPMG in this case, and all substantive claims involving KPMG have been resolved.

## II.     There Is No Just Reason To Delay Entry Of Judgment As To Plaintiff's Claim Against KPMG.

The final element of Rule 54(b) requires the Court to exercise its discretion "in the interest of sound judicial administration." *Ginett v. Computer Task Group*, 962 F.2d 1085, 1091 (2d Cir. 1992).  In making this determination, the Second Circuit has recognized, "the increasingly complex nature of litigation" necessitates "flexibility in granting partial final judgments." *Id.* at 1095.  Thus, judgment should be entered under Rule 54(b) when there is "some danger of hardship or injustice through delay" that could be alleviated by an immediate appeal. *Grand River Enterprises v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

One example of a danger of hardship caused by delay that would be alleviated by immediate appeal is a situation in which "an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997).  As the Second Circuit has explained in a similar situation: "[I]t would make no sense to try the antitrust count against New York State alone if the dismissals of the other states or the other claims turned out to be in error." *Grand River Enterprises*, 425 F.3d at 165. Similarly, in *Advanced Magnetics*, the Second Circuit explained that if a plaintiff's claims are to be reinstated on appeal, "it plainly will be more efficient for that reinstatement to occur in time for trial of [all the defendants'] claims together, for then only one jury, rather than two, will be required to become familiar with the terms of and the events surrounding" the factual allegations. *Id*. at 17.

These decisions apply here.  If Plaintiff is not permitted to appeal at this time, a reversal of this Court's decision after trial of Plaintiff's claims against the other defendants might result in a second trial.  On the other hand, if judgment is entered now, any appeal could be resolved before the trial against the other defendants, eliminating the risk of a second trial.

In addition to promoting judicial efficiency, entering judgment now on Plaintiff's claim against KPMG would avoid putting KPMG in a burdensome position if discovery were to proceed on Plaintiff's claims against the other defendants.  In that circumstance, KPMG would be faced with a dilemma: On one hand, it is no longer a party to this lawsuit, and so it should not have to expend funds defending the case.  On the other hand, the possibility would exist that Plaintiff would eventually appeal the Court's decision dismissing the claim against KPMG—so KPMG would have an interest in the development of the factual record.  As this Court held in granting a Rule 54(b) motion in a similar circumstance, not entering judgment now as to the claim against KPMG would leave KPMG "in a state of legal limbo, forced to participate in discovery and defend this action at trial for fear that" this Court's decision might ultimately be reversed.  *United States v. Apple, Inc.*, 889 F. Supp. 2d 623, 644 (S.D.N.Y. 2012).  Such a hardship can be avoided by entering judgment on Plaintiff's claim against KPMG now.

**Conclusion**

For the reasons explained above, the Court should enter judgment pursuant to Rule 54(b) on Plaintiff's claim against KPMG.

Dated: June 3, 2016                                         Respectfully submitted,

                                                                   */s/ Nathaniel J. Kritzer*
Nathaniel J. Kritzer
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
(212) 446-4900 (fax)

-and-

John F. Hartmann, P.C. (admitted pro hac vice)
Joshua Z. Rabinovitz (admitted pro hac vice)
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 862-2000
(312) 862-2200 (fax)

*Counsel for KPMG LLP (Canada)*