Duplicate Original

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-27-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE POSEIDON CONCEPTS SECURITIES LITIGATION<br><br>This filing relates to: ALL ACTIONS | Civil Action No.: 13-CV-01213-DLC<br>Consolidated with: 1:13-cv-01412-DLC |

## ~~[PROPOSED]~~ ORDER

WHEREAS, on February 22, 2013, Plaintiff Michael Miller filed a class action lawsuit alleging violations of Section 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Poseidon Concepts Corp. ("Poseidon") and certain of its officers and directors ("Defendants");

WHEREAS, on April 9, 2013, a Canadian court exercising powers akin to those of a United States Bankruptcy Court (the "Canadian Court") issued an order staying proceedings against Poseidon and its officers and directors;

WHEREAS, on May 15, 2013, the United States Bankruptcy Court for the District of Colorado (the "U.S. Bankruptcy Court") recognized the proceedings before the Canadian Court as a foreign main proceeding under Chapter 15 of the Bankruptcy Code, giving the Canadian stay order effect in the United States;

WHEREAS, on May 17, 2013 the Court appointed Gerald Kolar as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel in this Action, consolidated this Action with *Trunkel v. Poseidon Concepts Corp.*, 13-cv-1412-DLC ("*Trunkel*"), and stayed this Action against all Defendants due to, among other things, the Canadian stay, the effect of the Canadian stay in the United States as a result of the United States Bankruptcy Court's action, and the related nature of

this Action to securities class actions that had been filed against Defendants in Canada (the "Canadian Actions"), while allowing Lead Plaintiff to file an Amended Complaint during the pendency of the stay;

WHEREAS, on June 14, 2013, Lead Plaintiff filed a Consolidated Amended Complaint against the Defendants while the stay remained in effect;

WHEREAS, on April 23-25, 2013, Lead Plaintiff, Defendants, KPMG LLP, and plaintiffs in the Canadian Actions, among others, appeared at a mediation in Calgary, Canada, which did not result in a settlement;

WHEREAS, on June 24, 2015, the Court partially lifted the stay "solely to permit lead plaintiff to pursue its claims against KPMG";

WHEREAS, on November 30, 2015 Lead Plaintiff Kolar filed a Third Amended Complaint against Defendants and KPMG;

WHEREAS, on May 24, 2016, the Court granted Defendant KPMG LLP's Motion to Dismiss and subsequently entered judgment for Defendant KPMG LLP on June 23, 2016;

WHEREAS, on April 16, 2018, all parties reached a comprehensive settlement (the "Settlement") that calls for, among other things, dismissal of claims in this Action and *Trunkel* with prejudice after the Canadian Court approves the Settlement and such order is recognized by the U.S. Bankruptcy Court pursuant to Chapter 15 of the Bankruptcy Code (the "Recognition Order");

WHEREAS, the Settlement provides that members of the class alleged in this Action ("U.S. Class Members") are specifically included in the definition of the Class Members for all purposes of the Settlement and, subject to the Settlement's approval and implementation in accordance with its terms, stand to benefit from the Settlement in the same manner as the other

Class Members, on the same terms as persons who purchased Poseidon stock in secondary market transactions taking place in Canada;

WHEREAS, notice of the Settlement and the opportunity to object to the Settlement was published in U.S.-facing outlets *Investors Business Daily* and *GlobeNewswire* as well as in several Canadian newspapers and newswires;

WHEREAS, no class member has objected to the Settlement and the Canadian Court has determined, after a hearing, that the Settlement is fair, and reasonable, and in the best interests of the Class, pursuant to the laws of Canada and Alberta, (the "Approval and Settlement Order");

WHEREAS, neither Lead Plaintiff nor Lead Counsel will receive or have received any consideration for dismissal of this Action;

WHEREAS, on June 27, 2018, the U.S. Bankruptcy Court entered the Recognition Order;

WHEREAS, neither the Approval and Settlement Order nor the Recognition Order have been appealed and the time to appeal has elapsed;

WHEREAS, Rule 41(a)(1)(A)(i) permits the plaintiff in an action to file a notice of dismissal if such notice is filed before the opposing party serves either an answer or a motion for summary judgment;

WHEREAS, the class has not been certified and no answers or motions for summary judgment have been filed in this Action; and

WHEREAS, given the prior proceedings and settlements approved through the Canadian Actions and the U.S. Bankruptcy Action, and the circumstances in this Action;

IT IS HEREBY ORDERED THAT:

1. The remaining Defendants are hereby dismissed with prejudice pursuant to the terms of the Settlement from this Action and *Trunkel*.

SO ORDERED.

Dated: July 27, 2018

Denise Cote
THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE